DREW, Justice.
The petition for writ of certiorari in this-case is addressed to a ruling of the State Personnel Board [hereafter called the-board],[1] pursuant to F.S. Section 110.09,. F.S.A., by which it reversed a decision of the Merit System Council, dated July IS, 1961, which ordered that the petitioners be-reinstated in their employment with the State Road Department, subject only to-certain limited suspensions.
The Council decided, upon appeal by-petitioners after their discharge by the State Road Department for “conduct unbecoming a public employee,”[2] that insofar as the dismissals were based on acceptance of gratuities they were unwarranted “in the absence of a showing that the activities of the recipients in the discharge of their-official duties was somehow influenced by-the acceptance of such gratuities.” The-decision was also apparently based in part upon the Council’s conclusion that discrimination might be implied from the fact that there existed within the Department a long; *823 •standing practice of acceptance of nominal gratuities, which, however, “should not have been and cannot be condoned, particularly where public officials and public projects are involved.”
Within the time limited by agency regulations the Road Department, in order to obtain a transcript, requested and was granted an extension of time for filing a petition for review with the Board. The Department’s petition was filed on August 18, 1961, and on August 29 the Board voted unanimously in favor of a motion to grant the review, setting oral argument for September S, 1961. At a meeting of the Board on October 3 the vote of the six members in attendance was equally divided ■upon a motion that the Merit Council’s decisions be reversed, and the chairman announced that the motion failed. At a subsequent meeting the minutes of October .3 were corrected by a duly carried motion to ■omit a conclusion, based on the action above ■detailed, that “the decisions of the Merit 'System Council * * * stand as final pursuant to the provisions of Section 110.09, Florida Statutes.” At a meeting on November 14 a motion to reject the Council’s decisions was presented and passed by the Board, and the discharges by the Department were in each case affirmed.
Upon certiorari in this Court the inquiry is whether the Board in this proceeding departed from the essential requirements of law in rejecting the decision of the Merit System Council. Petitioners contend at the outset that the Board’s power of review may be invoked only by a discharged employee and not by an employer such as the Department aggrieved by the Merit Council’s reinstatement action, under the following statutory provision:
"110.09 Suspensions, reductions, demotions, discharges, layoffs, and transfers.—
“(1) * * * the decision of the merit system council shall be final; except that in the case of a discharged employee, the personnel board by an affirmative vote of a majority thereof, may in its own discretion and after notice to all parties, within thirty days of the filing of the decision of the merit system council, review the same and accept, refect or alter such decision.
[Emphasis supplied.]
“(2) The state personnel board may order the reinstatement of an employee, with or without back pay, which order shall be binding on the agency concerned. The action of the board shall be in writing. * * * ”
The language employed does not in its literal terms restrict the Board’s power to a review upon petition by the discharged employee, nor does the statute otherwise indicate that such is its necessary intent. Specific provision for order of reinstatement by the Board merely clarifies the extent of the Board’s authority to act directly in overriding the decision of both employer and Council when necessary, while in the review of Council decisions favorable to the employee the authority of the Board need be no broader than to affirm, reject or alter the Council’s decision, operating only indirectly upon the employer.
The limitation of the Board’s power to a review “in the case of a discharged employee” is apparently intended to exclude review in the case of other matters covered by this section, i. e. “suspensions, reductions, demotions * * * layoffs, and transfers,” and the words “in the case of” are plainly not equivalent to “upon the petition of.” Consistent with our conclusion are regulations of the Board in aid of the statute, relating to appeals from Council rulings “on the question of the discharge” of an employee and providing for a petition “by the moving party.”
Petitioners next contend that the failure of the initial motion for rejection of the Council’s decision, by an equally divided vote of Board members present, constituted an affirmative and final dis *824 position of the petition and made the Council decision absolute in the absence of any formal rehearing. Aside from the distinction between rendition of judicial decisions and the informality of administrative action provided here, the failure of this motion as a matter of parliamentary procedure amounted to no official action whatever. The minutes were in this case properly corrected to reflect this lack of action, and disposition of the case was effected by passing a subsequent motion to reject the Council decision. The latter motion was adopted “by an affirmative vote of a majority” of the members of the Board, pursuant to Sec. 110.09(1), supra, under which such a majority is essential to a valid judgment of the Board. The statutory prescription of thirty days within which the Board may review a decision has clear application to the initiation of such review and not to its completion.
The final issue concerns the propriety of the Board’s reversal of the Council on the merits of the case. The effect of the Board’s decision was to sustain the Department’s discharge of the petitioners for conduct unbecoming a public employee.[3] The statute vests in the Board a broad power of review of Council decisions in this class of cases, providing that it may “in its own discretion * * * review the same and accept, reject or alter such decision.” The duty devolved upon the Board in this case to determine whether the Council’s ruling was in accordance with law and regulations limiting its consideration to evidence of bias, insufficiency or inaccuracy of information, or noncompliance with applicable law or rules in connection with the discharge. Upon a thorough consideration of the facts and proceedings detailed in this record we conclude that petitions have failed to establish that there is involved any departure from the essential requirements of law in the Board’s decision to reject the Council’s ruling and to uphold the discharges.
Certiorari denied.
ROBERTS, C. J., and TERRELL, THORNAL O’CONNELL and CALDWELL, JJ., concur.
THOMAS, J., dissents.

. F.S. Sec. 110.02(1), F.S.A., provides:
“(1) There is hereby created the state personnel board which shall consist of the governor, who shall be the chairman, the secretary of state, the comptroller, the commissioner of agriculture, the attorney general, the superintendent of public instruction, and the treasurer.”'

. F.S. Sec. 110.09(1), F.S.A.

. Section 110.09(1), F.S., providing for discharge on grounds of “misconduct, insubordination, inefficiency, habitual drunkenness, inability to perform the duties of the position in which employed, willful violation of the provisions of the rules prescribed by the state personnel board, conduct unbecoming a public employee, conviction of a crime involving moral turpitude, or any other just cause.”